IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ROBYN DAVIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | NO. 11-3383 |
| | ) | |
| THOMAS J. VILSACK, Secretary of | ) | |
| the Department of Agriculture, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

This is a Petition for Review of a Decision and Order allowing the United States Department of Agriculture's issuance of an Administrative Wage Garnishment against the Petitioner under 31 C.F.R. § 285.11. Pending is the Motion of the Petitioner for Summary Judgment.

## I. BACKGROUND

Petitioner Robyn Davis asks that the Decision and Order be held unlawful and set aside.

In 2005, Petitioner Davis and her then-husband, Nicholas Edwards, along with Draper & Kramer Mortgage Corp., executed the Request for

Single Family Housing Loan Guarantee, for RD 1980-21 ("the Guarantee Request"). This Guarantee Request is an application for a loan guarantee administered by the USDA Rural Development, Rural Housing Service's Single Family Housing Guaranteed Loan Program ("the Program"). The Program is governed by 7 C.F.R. § 1980.

On March 15, 2005, in connection with their application for the United States Department of Agriculture (USDA) guarantee of a single family home, the Petitioner, together with her now ex-husband, entered into an agreement with the USDA, under which the Petitioner agreed as follows:

> I (We) certify and acknowledge that if the Agency pays a loss on the requested loan to the lender, I (We) will reimburse the Agency for the amount. If I (We) do not, the Agency will use all remedies available to it, including those under the Debt Collection Improvement Act, to recover on the Federal debt directly from me (us). The Agency's right to collect is independent of the lender's right to collect under the guaranteed note and will not be affected by any release by the lender of my (our) obligation to repay the loan. Any Agency collection under this paragraph will not be shared with the lender.

*See* Administrative Record (A.R.), Ex. 5.

2

The administrative record shows the USDA Rural Development paid to the lender $31,341.50 after deducting a penalty of $1,844.34 for the lender's failure to market the title on a timely basis, pursuant to 7 C.F.R. § 1980.376.  This payment is reported by the USDA Rural Development as a loss claim resulting from foreclosure and liquidation of Petitioner Davis's and Mr. Edwards's mortgage loan.

In March of 2011, Petitioner Davis and her husband, Jacob Davis, experienced a Federal tax return offset in the amount of $1,948, of which $17 was applied as a "Fee Amount" and $1,931 applied towards the $31,341.50 being pursued by the USDA Rural Development against Petitioner Davis.

## II. DISCUSSION

The Petitioner asks the Court to set aside the Decision and Order, dated July 5, 2011, wherein Administrative Law Judge (ALJ) Jill S. Clifton determined that Petitioner owed a debt to the USDA because the Guarantee established an independent financial obligation distinct from that at issue in the partial release obtained by the Petitioner in the state

3

court foreclosure proceeding.  *See* A.R., Ex. 12.

(A)

The Administrative Procedure Act, 5 U.S.C. §§ 701, *et seq.* (APA), governs judicial review of an action taken by an administrative agency.  A reviewing court will affirm the agency's legal determinations as long as they are not "arbitrary or capricious," and are consistent with the law.  *See Israel v. U.S. Dep't of Agric.*, 282 F.3d 521, 526 (7th Cir. 2002).  "The arbitrary and capricious standard is highly deferential, and even if we disagree with an agency's action, we must uphold the action if the agency considered all of the relevant factors and we can discern a rational basis for the agency's choice."  *Id.*

An agency's factual findings are reviewed under a substantial evidence standard.  *See* 5 U.S.C. § 706(2)(E).  This means the agency must "rely on such relevant evidence as a reasonable mind might accept as adequate to support the conclusion."  *Roadway Exp., Inc. v. U.S. Dep't of Labor*, 612 F.3d 660, 664 (7th Cir. 2010) (internal quotation marks and citation omitted). Because this is a deferential standard, an inference may not be set aside

4

simply because the opposite conclusion is more reasonable.

In her Pro Se filing, the Petitioner argued the following before the ALJ: (1) the release she obtained in the state court proceeding rendered the debt unenforceable; (2) the lender conducted an illegal foreclosure, nullifying the lender-guarantor agreement; and (3) the lender has engaged in negligent servicing, which renders the lender-guarantor agreement unenforceable under 7 C.F.R. § 1908.308.  *See* A.R., Ex. 6, p. 3-5.  In her Supplemental Narrative provided by Counsel, the Petitioner alleged that the USDA was without right to pursue collection against her without a valid judgment.  *See* A.R., Ex. 7, 9.

### (B)

The Petitioner now contends the lender failed to fulfill the program requirements that would allow a loss claim on the loan.  Thus, any payment made by the USDA Rural Development to the lender is not a loss claim and, therefore, has not been promised for reimbursement by the Petitioner.  Therefore, the Petitioner contends the amount in dispute is not a liability which the Petitioner is responsible to reimburse.

However, a review of the record establishes this argument that she did not agree to reimburse the USDA for payment made to the lender was not previously raised by the Petitioner.  Accordingly, the Petitioner waived this argument because it was not presented to the agency.  *See Ester v. Principi*, 250 F.3d 1068, 1072 (7th Cir. 2001); *see also United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 37 (1952) ("[O]rderly procedure and good administration require that objections to the proceedings of an administrative agency be made while it has opportunity for correction in order to raise issues reviewable by the courts.").

Even if the argument had not been waived, the Court concludes it is not persuasive.  The Petitioner asserts that the administrative record does not provide the statutorily required evidence that a Guarantee exists for the Petitioner's mortgage loan.  She contends that the administrative record relied on by the ALJ in determining the Petitioner's liability does not provide any proof that her Guarantee Request application was approved, the statutory requirements of the Program had been met, or the official Loan Note Guarantee was ever executed for the Petitioner's mortgage loan.

6

The Petitioner alleges there is no evidence of a Loan Note Guarantee in the administrative record.  For these reasons, the Petitioner alleges that her Guarantee Request was not approved, an applicable Loan Guarantee does not exist and any payment to the USDA Rural Development to the lender was not in relation to a guarantee on the Petitioner's mortgage loan.

The ALJ specifically found that Petitioner had an independent financial obligation arising out of an agreement between the borrowers and the USDA.  *See* A.R. Ex. 12, ¶ 6.  There is no dispute that Petitioner and her ex-husband acquired the loan, the loan was foreclosed, and the USDA paid the lender $31,341.50 following the foreclosure.  The Petitioner agreed that the borrowers would reimburse any loss claim paid by the USDA.  *See* A.R., Ex. 6.  Accordingly, the ALJ's finding that the borrowers' agreement with the USDA created an independent financial obligation is supported by the evidence.

## (C)

The ALJ determined that the release the Petitioner obtained in the state court proceeding did not make the current debt unenforceable because

7

of the "independent nature" of the agreement between the Petitioner and the USDA.  *See* A.R., Ex. 12, ¶ 11.  The ALJ considered the Petitioner's argument regarding problems with effecting service on the foreclosure. Upon considering 7 C.F.R. § 1980.308, the ALJ determined that negligent servicing by the lender would not have rendered the guarantee unenforceable in this case.  *See* A.R., Ex. 12, ¶ 12.  The ALJ denied the request of the Petitioner to find that the USDA paid an entity not the holder of the note.  *See id*.,¶ 13.  The ALJ further found that the USDA could administratively collect against the Petitioner, pursuant to the agreement between the borrowers and the USDA, even without a judgment or personal deficiency against the Petitioner–based on the Guarantee.  *See id*. at ¶ 15.

The Petitioner's current argument that there was no guarantee agreement between the lender and the USDA is inconsistent with the argument made before the ALJ.  The Petitioner's narrative provided, "The lender was Draper & Kramer Mortgage and the loan was guaranteed by the USDA Rural Development."  *See* A.R., Ex. 6, at 2.  The Petitioner further

8

argued that the lender's actions in connection with the foreclosure resulted in the breach of the lender-guarantor agreement, pursuant to 7 C.F.R. § 1980.308, meaning that USDA's guarantee to the lender was unenforceable. *See id.*, at 4. Based on the foregoing, the Petitioner has waived any argument regarding the existence of a guarantee agreement between the lender and the USDA.

To the extent that Petitioner argues any guarantee that may exist between the Petitioner and the USDA is unenforceable, the grounds asserted are not meritorious. As the ALJ determined, the release she obtained in the state court proceeding as to a deficiency judgment against the co-borrower did not render the current debt unenforceable. The USDA is not attempting to collect on that deficiency judgment. Rather, it is attempting to collect on a separate obligation which, as the ALJ found, was unrelated to the lender's action to obtain a personal deficiency.

The ALJ considered the Petitioner's financial circumstances and, in order to prevent hardship, held that no garnishment was authorized through August 2013, and the ALJ directed a review of the Petitioner's

financial circumstances before any garnishment was authorized.  *See id*. at

¶ 16, 17, 22, 23.  The ALJ stated that the ruling as to financial hardship did

not prevent the collection of the debt through the offset of the Petitioner's

income tax refunds or other federal monies.  *See id*. ¶ 24.

Pursuant to 31 C.F.R. § 285.11 and 31 U.S.C. § 3720D, a federal

agency is authorized to collect money from a debtor's disposable pay by

means of an administrative wage garnishment to satisfy a delinquent debt

owed to the United States.  Upon reviewing the record, the Court concludes

that the ALJ's determination that a valid debt exists is not arbitrary or

capricious, is supported by substantial evidence and is in accordance with

all applicable law.

(D)

The Petitioner claims that when the applicable regulations are

considered, there is no basis for liability of the debt at issue because the

USDA Rural Development has not enforced the laws that apply to its

program.

The Petitioner claims the lender did not notify her of the action by

10

service of summons.  Moreover, the Petitioner claims the lender failed to notify her that the account had become delinquent, which precluded her from bringing the account current prior to the foreclosure.  The Petitioner contends that because the USDA failed to abide by its own regulations, she is not liable.

The Petitioner also asserts the lender committed fraud and the claim should be denied under 7 C.F.R. § 1980.376(b)(1).  Moreover, because she alleges the lender was negligent in loan servicing in failing to effect service on the Petitioner at the time of the foreclosure proceedings, the Petitioner contends the guarantee is unenforceable as to her and the claim should be denied under 7 C.F.R. § 1980.376(b)(6).  The Petitioner further contends the USDA Rural Development Program is not entitled to recover any payments because the payment would not be pursuant to the regulations of the Guarantee Program.

In the Guarantee Request, the Petitioner agreed to reimburse the USDA Rural Development for a loss claim, specifically, if paid by the USDA Rural Development to the lender.  The Petitioner notes the term

"loss claim" is defined by the USDA Rural Development as "[t]he method by which the Agency provides reimbursement to a lender/servicer who has fulfilled all program requirements but who has incurred a loss on a guaranteed loan." Moreover, it defines "program requirements" as "[a]ny requirements set forth in any pertinent loan document, guarantee agreement, statute, regulation, handbook, or administrative notice."

The Petitioner claims the lender violated Illinois law and a number of federal regulations, including the statutory loan servicing requirement that includes "taking actions to offset the effects of liens . . . and other legal actions." *See* 7 C.F.R. § 1980.370(b). The lender must assure that "[t]he borrower is not released of liability for the loan except as provided in Agency regulations." 7 C.F.R. § 1980.370(b)(3).

The Court is unable to conclude the ALJ unreasonably rejected the Petitioner's argument that she was prejudiced by flaws in the state court foreclosure proceeding. She claims that had she received proper notice the foreclosure would have been avoided. The ALJ recognized this was a possibility. *See* A.R., Ex. 12 ¶ 9. However, it is not certain that this would

12

have occurred. Additionally, once the Petitioner became aware of the foreclosure, she obtained counsel and sought to have the default judgment entered against her set aside. *See id*., Ex. 1, at 8-10. Although her motion was denied, the Petitioner was released from personal liability on the deficiency judgment that had been entered. *See id*., Ex. 1, at 6-7. The record establishes that the Petitioner chose her remedy in the foreclosure proceeding. The USDA was not a party to that proceeding, which did not really relate to the agreement between the USDA and the Petitioner. There is nothing in the record tending to show that problems with the state foreclosure proceeding increased the amount of the loss claim that serves as the underlying basis of the collection efforts.

The Court is unable to conclude that the ALJ erred in rejecting the Petitioner's argument that alleged negligent servicing by the lender rendered the lender-guarantor agreement unenforceable under 7 C.F.R. § 1980.308. The regulation provides that a guarantee by the USDA of a loan constitutes an obligation supported by the full faith and credit of the United States. *See* 7 C.F.R. § 1980.308(a). The loan note guarantee will be unenforceable

13

to the extent any loss is occasioned by "negligent servicing," which is defined in relevant part as "the failure to perform those services which a reasonably prudent lender would perform in servicing its own loan portfolio of loans that are not guaranteed." *Id*. The regulation further provides, "The term includes not only the concept of a failure to act, but also not acting in a timely manner or acting contrary to the manner in which a reasonably prudent lender would act up to the time of loan maturity or until a final loss is paid." *Id*.

The Petitioner maintains that the entire amount of loss is attributable to negligent servicing, in that the foreclosure could have been avoided had proper notice been provided. As the Court earlier noted, however, that is speculative on the part of the Petitioner. Additionally, negligent servicing does not render a USDA guarantee completely unenforceable. Rather, it mitigates a claim, making the claim unenforceable "to the extent" any part of the loss is caused by negligent servicing. *See* 7 C.F.R. § 1908.308(a). The record establishes that the USDA paid the loss amount of $31,341.50 to the lender on February 12, 2010. *See* A.R., Ex. 5. There is nothing in

the record tending to show that the USDA was aware of any negligent servicing at that time.

(E)

Pursuant to 31 C.F.R. § 285.11, a valid judgment was not necessary for the USDA to pursue a collection action against the Petitioner.  An administrative wage garnishment requires only a "debt" to the United States, not a judgment.  Moreover, the use of administrative offset also applies to a "past due, legally enforceable nontax debt [to a federal agency] that is over 180 days delinquent." 31 U.S.C. § 3716(c)(6).  Therefore, the ALJ's determination that administrative wage garnishment and administrative offset are appropriate remedies is consistent with applicable law.

## III. CONCLUSION

Based on the foregoing, the Court concludes that the ALJ's decision was not arbitrary or capricious.  Upon finding that a valid debt existed, the ALJ examined the Petitioner's financial situation and determined that although administrative wage garnishment was an available remedy, the

USDA would not be permitted to garnish the Petitioner's wages before September 2013 because it would result in undue hardship to the Petitioner. The ALJ further determined that the USDA could not begin any garnishment until a review of the Petitioner's financial circumstances to determine an appropriate amount based on her finances. *See* A.R., Ex. 12 ¶ 23.

Because the ALJ's decision is consistent with the law and is supported by the record, the decision of the agency will be affirmed.

<u>Ergo</u>, the Motion of Petitioner Robyn Davis for Summary Judgment [d/e 23] is DENIED.

The Decision and Order entered on July 5, 2011 is AFFIRMED. The Petitioner owes a valid debt to the United States Department of Agriculture.

Any other pending Motions are Denied as Moot.

This case is closed.

ENTER: December 31, 2013

FOR THE COURT:

                                            *s/Richard Mills*
                                            Richard Mills
                                            United States District Judge

16